Filing # 17244164 Electronically Filed 08/19/2014 11:10:44 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:

AMANDA WHITE, as Executor de son Tort
for the Pending Estate of Landon White,
Deceased,

        Plaintiff,

vs.

AMERICAN SIGNATURE, INC.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, AMANDA WHITE, as Executor de son Tort for the pending Estate of Landon

White, Deceased, by and through their undersigned counsel, and brings this Complaint against

Defendant, AMERICAN SIGNATURE, INC. Plaintiff states:

### Jurisdiction

1.  This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00)

exclusive of interest, costs and attorney's fees.

2.  Plaintiff brings this action in her capacity as Executor de son Tort for the pending

Estate of Landon White, Deceased. At all times material hereto, Plaintiff and Landon White were

residents of the State of Florida.

3.  At all times material hereto, Defendant AMERICAN SIGNATURE, INC. ("ASI")

was a foreign, for-profit corporation which was licensed to do business in the State of Florida;

which operated, conducted, engaged in, and/or carried on a business or business venture in the

State of Florida; and was engaged in a course of conduct in which revenue was derived from providing goods and/or services throughout Florida, including Orange County, Florida.

4.      Among other things, ASI is in the business of selling furniture and home furnishings to consumers through its American Signature Furniture stores.

### General Allegations – Nature of Action

5.      Plaintiff brings this action as a wrongful death claim pursuant to Sections 768.16-768.26, the Florida Wrongful Death Act.  Plaintiff brings this wrongful death claim for the product liability and negligence of ASI.  Plaintiff's causes of action are based upon ASI's strict liability and ASI's negligent acts and/or omissions which caused and/or contributed to Landon White's death, the Estate of Landon White's damages, and the survivors of Landon White's injuries, damages, and losses.

### General Allegations – Identity of Wrongful Death Survivors

6.      This action is brought by Plaintiff in her capacity as Executor de son Tort for the pending Estate of Landon White.  Plaintiff brings this action for the use and benefit of the Estate of Landon White and for and on behalf of Landon White's survivors.

7.      Amanda White was the natural mother of Landon White and is entitled to preference to appointment as personal representative when the pending Estate of Langdon White is established.  James White was the natural father of Landon White.  Amanda White and James White are the statutory survivors as defined by Section 768.18, Fla. Stat.  The Estate of Landon White, Amanda White, and James White are the potential beneficiaries of this Wrongful Death Action.

**General Allegations – ASI and Its Product: the Merlot Standing Cabinet with Mirror**

8.      At all times material hereto, ASI designed, developed, manufactured, distributed, imported, sold, supplied, and/or otherwise placed into the stream of commerce a product, identified by ASI as a Merlot Standing Cabinet with Mirror (the "Product"). ASI's Product was approximately 12 inches wide, 11 inches deep, and 70 inches tall. ASI's Product was mounted on a small swivel base, the Product contained shelving and a drawer mounted in the midpoint, and on the other side the Product bore a mirror. ASI actively designed, developed, manufactured, distributed, imported, sold, supplied, and/or otherwise placed the Product into the stream of commerce with the intention that the Product possess and maintain the dual function as both a cabinet and a mirror, which swiveled to offer either feature.

**General Allegations – Common to Strict Liability Counts**

9.      At all times material hereto, ASI's Product was defective in numerous ways including, but not limited to, the facts that:

- The Product's base was too small for the Product's height and weight, rendering it unstable and prone to toppling over when the Product was swiveled, as it was intended to do;

- The Product's ability to swivel, as it was intended to do, changed the center of gravity on the Product, rendering it unstable and prone to toppling over;

- Although the Product swiveled as it was intended to do and was unstable, ASI did not provide any means of securing the Product to make it stable;

- In order to use the Product as designed and for its intended use as a dual function cabinet and mirror, users of the Product were unable to fasten the Product to a wall or otherwise secure the Product or prevent the Product from being unstable and prone to toppling over;

- Because the Product was unstable and prone to toppling over, even when the Product was expected to and reached the Product's users without substantial change in its condition, the Product's design was unreasonably dangerous to persons in vicinity of the Product;

3

- Because the Product was unstable and prone to toppling over, the Product posed an increased danger to households with toddlers and small children;

- Because the Product was unstable and prone to toppling over, the Product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by ASI; and

- Because the Product was unstable and prone to toppling over, the risks of danger in the Product's design outweighed the benefits.

### General Allegations – The Underlying Incident

10.    Amanda White and James White purchased the Product at an American Signature Furniture store. A copy of the invoice for the Product is attached as Exhibit "A." Amanda White and James White were enticed into purchasing the Product because of the dual nature of the Product as a cabinet and mirror. When Amanda White and James White received the Product from the American Signature Furniture store, the Product was already assembled and came with no instructions, directions, or warnings concerning its use.

11.    On or about May 4, 2014, Amanda White and James White's son, twenty-two month old Landon White, grasped and rotated the Product. Due to the Product's instability, the Product toppled over onto Landon White and crushed Landon White, causing his death.

### General Allegations – Causation and Damages

12.    As a direct and proximate result of ASI's actions and/or inactions and product liability as stated herein: Landon White was crushed and killed by the Product; the Estate of Landon White, incurred medical, hospital, doctor and/or nursing expenses and burial and funeral expenses; and Amanda White, and James White have suffered and will continue to suffer mental pain and suffering.

### COUNT I – Strict Liability of ASI (Breach of Implied Warranty of Merchantability)

Plaintiff repeats and realleges paragraphs 1 through 12 as if each paragraph were recited verbatim within this Count.

4

13.    The Product was defective in numerous ways, including those ways set forth in paragraph 9, above. As a result of these defects, the Product was not reasonably fit for the uses intended or reasonably foreseeable by ASI, including the foreseeable purpose for which Amanda White, and James White bought the Product. The Product was not fit for use as both a cabinet and a mirror on a swivel base, the purpose for which ASI placed the Product into the stream of commerce and the purpose for which Amanda White, and James White bought the Product, because the Product was unstable and prone to topping over, and did topple over, and caused the death of 22 month old Landon White.

14.    The defects in the Product were a direct, proximate, and legal cause of the injuries, damages, and losses described in paragraph 12, above.

WHEREFORE Plaintiff, AMANDA WHITE, as Executor de son Tort for the Pending Estate of Landon White, Deceased, demands judgment for all damages recoverable under Florida law against Defendant ASI, and further demands trial by jury of all issues so triable.

## COUNT II – Strict Liability of ASI
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

Plaintiff repeats and realleges paragraphs 1 through 12 as if each paragraph were recited verbatim within this Count.

15.    When the Product left the possession of ASI, the Product was defective in numerous ways, including those ways set forth in paragraph 9, above. As a result of these defects, the Product was not reasonably fit for the specific purpose for which ASI knowingly sold the Product, including the specific purpose for which, in reliance on the skill and judgment of ASI, Amanda White, and James White bought the Product. The Product was not reasonably fit for the particular purpose being both a cabinet and a mirror on a swivel base, the purpose for which ASI placed the Product into the stream of commerce and the purpose for which Amanda

5

White, and James White bought the Product, because the Product was unstable and prone to topping over, and did topple over, and caused the death of 22 month old Landon White. Amanda White and James White were consumers of furniture, and relied on ASI's judgment to design, develop, manufacture, distribute, import, sell, supply, and/or otherwise place into the stream of commerce a suitable home furnishing to serve as a dual function, swiveling cabinet and a mirror.

16.    The defects in the Product were a direct, proximate, and legal cause of the injuries, damages, and losses described in Paragraph 12, above.

17.    WHEREFORE Plaintiff, AMANDA WHITE, as Executor de son Tort for the Pending Estate of Landon White, Deceased, demands judgment for all damages recoverable under Florida law against Defendant ASI, and further demands trial by jury of all issues so triable.

## COUNT III – Strict Liability of ASI (Design Defect)

Plaintiff repeats and realleges paragraphs 1 through 12 as if each paragraph were recited verbatim within this Count.

18.    ASI placed the Product on the market knowing it was to be used without inspection for defects. The Product was expected to reach—and in fact reached— Amanda White, James White, and their family without any substantial change in condition after being placed on the market by ASI. Notwithstanding, when the Product left the possession of ASI, the Product was defective in numerous ways, including those ways set forth in paragraph 9, above.

19.    The defects inherent in the Product were a direct, proximate, and legal cause of the injuries, damages, and losses described in Paragraph 12, above.

20.    WHEREFORE Plaintiff, AMANDA WHITE, as Executor de son Tort for the Pending Estate of Landon White, Deceased, demands judgment for all damages recoverable

under Florida law against Defendant ASI, and further demands trial by jury of all issues so triable.

### COUNT IV – Strict Liability of ASI (Failure to Warn)

Plaintiff repeats and realleges paragraphs 1 through 12 as if each paragraph were recited verbatim within this Count.

21.    When the Product left the possession of ASI, the Product was defective in numerous ways, including those ways set forth in paragraph 9, above.

22.    The risks from the defective condition of the Product were foreseeable to ASI. The foreseeable risks of harm from the Product could have been reduced or avoided if ASI had provided reasonable instructions or warnings.    However, ASI designed, developed, manufactured, distributed, imported, sold, and/or supplied the Product to Amanda White, and James White, without any instructions, directions, or warnings concerning its use.  ASI's failure to provide Amanda White, and James White with reasonable instructions or warnings makes the Product unreasonably dangerous.

23.    Even if ASI exercised all possible care in the preparation and sale of the Product, which it did not, the Product was defective due to ASI's failure to provide Amanda White, and James White with reasonable instructions or warnings.

24.    The defects inherent in the Product were a direct, proximate, and legal cause of the injuries, damages, and losses described in Paragraph 12, above.

25.    WHEREFORE Plaintiff, AMANDA WHITE, as Executor de son Tort for the Pending Estate of Landon White, Deceased, demands judgment for all damages recoverable under Florida law against Defendant ASI, and further demands trial by jury of all issues so triable.

**COUNT V – Negligence of ASI (Including Negligent Failure to Warn)**

Plaintiff repeats and realleges paragraphs 1 through 12 as if each paragraph were recited verbatim within this Count.

26. At all times material hereto, ASI owed persons to whom it marketed and sold the Product a duty of reasonable care to design, develop, manufacture, distribute, import, sell, supply, and/or otherwise place the Product into the stream of commerce.

27. ASI also owed the duties to inspect and test the Product to ensure it was not unstable and prone to toppling over, and to ensure the Product met guidelines and standards for furniture stability.

28. Furthermore, ASI owed persons to whom it marketed and sold the Product a duty to adequately warn of the risks associated with using the Product, including the risks of instability and toppling over, and the risks associated with the use of the Product in a household with toddlers and small children.

29. As purchasers of the Product, Amanda White, James White, and their family members including Landon White, were therefore among the class of persons to whom ASI owed these duties.

30. The Product was unstable and prone to toppling over. ASI breached its duties in that it failed to exercise reasonable care in designing, developing, manufacturing, distributing, importing, selling, supplying, and/or otherwise placing the Product into the stream of commerce. ASI breached its duties in that it failed to adequately and reasonably inspect and test the Product to ensure it was not unstable and prone to toppling over. ASI breached its duties in that it failed to provide a way for consumers to make the product stable. ASI breached its duties in that it failed to make sure the Product met guidelines and standards for furniture stability.

8

31.   ASI breached its duties in that it failed to adequately warn consumers of the risks associated with using the Product, including using the Product around toddlers and small children. ASI breached its duties in that it designed, developed, manufactured, distributed, imported, sold, supplied, and/or otherwise placed an inherently dangerous Product into the stream of commerce, and the danger could not be minimized due to the design and function of the Product.

32.   ASI breached its duties in that it failed to recall the product when it knew or with the exercise of reasonable care should have known of the dangers posed by the Product.

33.   ASI's actions and/or omissions, as stated above, were a direct, proximate, and legal cause of the injuries, damages, and losses described in Paragraph 12, above.

34.   WHEREFORE Plaintiff, AMANDA WHITE, as Executor de son Tort for the Pending Estate of Landon White, Deceased, demands judgment for all damages recoverable under Florida law against Defendant ASI, and further demands trial by jury of all issues so triable.

## COUNT VI – Punitive Damages – (Pending)

Plaintiff repeats and realleges paragraphs 1 through 34 as if each paragraph were recited verbatim within this Count.

35.   ASI placed an unreasonably dangerous Product on the market.  As a furniture designer, developer, manufacturer, distributer, importer, seller, and/or supplier, ASI knew of the dangers of furniture falling over onto toddlers and young children.  Notwithstanding, ASI designed, developed, manufactured, distributed, imported, sold, and/or supplied a piece of furniture that was unstable and prone to tipping over because: the Product's base was too small for the Product's height and weight, rendering it unstable and prone to toppling over; and the

Product's ability to swivel changed the center of gravity on the Product, rendering it unstable and prone to toppling over.

36. As a furniture designer, developer, manufacturer, distributer, importer, seller, and/or supplier, ASI further knew that the consumer's remedy to prevent unstable furniture from tipping over onto toddlers and young children is to anchor the furniture to prevent the furniture from tipping. Notwithstanding, ASI designed, developed, manufactured, distributed, imported, sold, and/or supplied a piece of furniture that was unreasonably dangerous. If the consumer anchored the Product, the Product would no longer be suitable for its intended, marketed, and features use as a dual function cabinet and mirror.

37. ASI had actual knowledge that it was wrong to design, develop, manufacture, distribute, import, sell, and/or supply a piece of furniture that was unstable and prone to tipping over, and ASI had actual knowledge of the high probability of injury, damage, and death to toddlers and small children would result, including Landon White. Despite that knowledge, ASI actively, knowingly, and intentionally designed, developed, manufactured, distributed, imported, sold, and/or supplied a Product that was unstable and prone to tipping over, resulting in the death of Landon White.

38. ASI active, knowing, and intentional design, development, manufacture, distribution, importing, sale, and/or supply of a Product that was unstable and prone to tipping over, with high probability of injury, damage, and death to toddlers and small children, was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct, including Landon White.

39. Plaintiff hereby states her following intention: based upon ASI's active, knowing, and intentional design, development, manufacture, distribution, importing, sale, and/or supply of a

Product that was inherently dangerous, unstable and prone to tipping over, with high probability of injury, damage, and death to toddlers and small children, Plaintiff will seek leave to amend this Complaint and make a proffer pursuant to § 768.72, Fla. Stat., and seek punitive damages against ASI. In the alternative, and in the event ASI seeks to remove this case to Federal Court based upon 28 U.S.C. § 1332, pursuant to Fed. R. Civ. P. 8(a) and 9(g), Plaintiff seeks punitive damages against ASI for its gross negligence and intentional conduct described in this Count.

WHEREFORE Plaintiff, AMANDA WHITE, as Executor de son Tort for the Pending Estate of Landon White, Deceased, in the event ASI seeks to remove this case to Federal Court based upon 28 U.S.C. § 1332, demands judgment for all damages recoverable under Florida law against Defendant ASI, including punitive damages, and further demands trial by jury of all issues so triable.

Dated: August 19th, 2014.

Mark A. Nation, Esquire
Board Certified Civil Trial Attorney
The Nation Law Firm
Florida Bar No.: 968560
570 Crown Oak Centre Drive
Longwood, FL 32750
Phone: (407)339-1104
Fax: (407)339-1118
Email: lryan@nationlaw.com (Primary)
mnation@nationlaw.com;
ppritchard@nationlaw.com (Secondary)
Attorney for Plaintiff

11