**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

AMANDA WHITE, as Personal Representative for the Estate of Landon White,

    Plaintiff,

v.                                            Case No: 6:14-cv-1638-Orl-40GJK

AMERICAN SIGNATURE, INC.,

    Defendant.

## **ORDER**

This cause comes before the Court without oral argument on the following:

1. Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim for Award of Punitive Damages and Incorporated Memorandum of Law in Support (Doc. 40), filed August 17, 2015;

2. Plaintiff's Memorandum of Law and Argument in Response to Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim for Award of Punitive Damages (Doc. 50), filed August 31, 2015;

3. Defendant's Reply to Plaintiff's Memorandum of Law and Argument in Response to Defendant's Motion for Summary Judgment on Plaintiff's Claim for Award of Punitive Damages (Doc. 53), filed September 14, 2015; and

4. Plaintiff's Motion for Summary Judgment on Affirmative Defenses (Doc. 41), filed August 17, 2015.

Upon consideration and review of the record as cited by the parties in their respective briefs, Defendant's Motion for Partial Summary Judgment is denied and

1

Plaintiff's Motion for Summary Judgment is denied as moot.

## I. BACKGROUND

On June 4, 2007, Amanda White purchased a Merlot Standing Cabinet with Mirror (the "Cabinet") from Defendant, American Signature, Inc. ("American Signature"). (Doc. 52, ¶ 1). The Cabinet stood on a 360-degree swiveling base with a full-length mirror on one side and shelves and a drawer on the reverse side. (*Id.* ¶¶ 2–3). On May 4, 2014, the Cabinet tipped over and fell on Ms. White's twenty-two month old son, Landon White, who ultimately passed away due to the injuries he suffered. (*Id.* ¶ 7).

On August 19, 2014, Ms. White initiated this wrongful death action against American Signature in state court as the personal representative for her son's estate. (Doc. 2). American Signature subsequently removed the lawsuit to this Court based on diversity jurisdiction. (Doc. 1). Ms. White's operative complaint alleges six claims for relief: (1) breach of the implied warranty of merchantability, (2) breach of the implied warranty of fitness for a particular purpose, (3) design defect, (4) failure to warn, (5) negligence, and (6) punitive damages. (Doc. 32). The gravamen of Ms. White's claims is that the Cabinet was defective and unreasonably dangerous and that American Signature failed to protect against the dangers it posed. American Signature now moves for summary judgment on Ms. White's punitive damages claim and Ms. White moves for summary judgment on American Signature's affirmative defenses.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to

particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials," but may also consider any other material in the record. Fed. R. Civ. P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006), *cert. denied*, 549 U.S. 996 (2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). In determining whether a genuine dispute of material fact exists, the Court must read the evidence and draw all factual inferences therefrom in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta, Ga.*,

3

485 F.3d 1130, 1136 (11th Cir. 2007).  Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita*, 475 U.S. at 587.

### III.  DISCUSSION

#### A.  American Signature's Motion for Partial Summary Judgment on the Issue of Punitive Damages

American Signature moves for summary judgment on Ms. White's punitive damages claim.  In any Florida civil action, "[a] defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."  Fla. Stat. § 768.72(2).  Ms. White reveals in her response to American Signature's Motion for Partial Summary Judgment that she intends to premise liability for her punitive damages claim only on American Signature's gross negligence.  (Doc. 50, p. 15 n.8).  The Court will limit its analysis accordingly.

In order to demonstrate gross negligence, the plaintiff must show that the defendant acted so recklessly and wanting in care as to constitute "a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct."  *Id.* § 768.72(2)(b).  A defendant's conduct may amount to gross negligence when (1) there is "a composite of circumstances which, together constitute a clear and present danger," (2) the defendant is aware or should be aware of the danger and the likelihood of injury that could result, and (3) the defendant acts or fails to act in the face of that danger and the accompanying likelihood of injury.  *See Sullivan v. Streeter*, 485 So. 2d 893, 895 (Fla. Dist. Ct. App. 1986), *approved by* 509 So. 2d 268 (Fla. 1987).  Although a nebulous concept under Florida law, gross negligence lies somewhere between careless disregard

of a present danger and willful or wanton disregard of a present danger. *See, e.g.*, *Courtney v. Fla. Transformer, Inc.*, 549 So. 2d 1061, 1064–65 (Fla. Dist. Ct. App. 1989).

American Signature contends that the record evidence conclusively establishes it was not guilty of gross negligence. American Signature shows that it was not the manufacturer or designer of the Cabinet, but rather a retailer that had no knowledge of the Cabinet's allegedly defective and dangerous condition. (Doc. 40, Ex. A, ¶ 3). American Signature states that it sold over 5,400 units of the Cabinet from January 2005 to July 2010 and never received any complaint or allegation that the Cabinet posed a danger of falling or tipping over until it was notified of the events giving rise to the instant lawsuit. (*Id.* ¶¶ 4–5). American Signature additionally points to the deposition testimony of Ms. White, who testified that, prior to the incident leading to this case, she never felt the Cabinet posed a danger of tipping over or falling. (Doc. 42-1, 137:1–6, 152:5–7). Further, after testing an exemplar of the Cabinet, American Signature's engineering expert determined that the Cabinet "is reasonably stable for its intended use" and that it "meets and exceeds stability requirements . . . in effect at the time the [Cabinet] was manufactured and sold." (Doc. 41-2, pp. 34–35). American Signature therefore concludes that there is no evidence which would allow a rational jury to find that its actions or inactions in this case constitute gross negligence.

In response, however, Ms. White produces substantial affirmative evidence which would allow a rational jury to conclude that American Signature was grossly negligent. Ms. White shows that the Cabinet posed an obvious tipping hazard in that it was a tall, skinny, heavy piece of furniture that was unevenly balanced and stood on a 360-degree swiveling base. (Doc. 41-1; Doc. 41-3, ¶ 8; Doc. 52, ¶ 3). Indeed, American Signature's

corporate representative and Vice President of Risk Management, Joseph Bowles, acknowledged at his deposition that tall, skinny pieces of furniture like the Cabinet pose risks of falling and that retailers such as American Signature are responsible for assessing the stability of the furniture they sell to determine falling risks. (Doc. 43-2, 71:25–72:15). Mr. Bowles further indicated that it is well-known in the furniture industry that children tend to climb large pieces of furniture and that a primary concern in testing the stability of large pieces of furniture like the Cabinet is to protect against the danger of furniture falling on and injuring children. (*Id.* at 88:7–21, 112:5–9). Notwithstanding the obviousness of the risk posed by the Cabinet, Mr. Bowles testified that American Signature never tested the stability of the Cabinet, did not include any instructions or warnings to customers regarding the risks of tipping and falling, and did not include any type of safety device (such as an anchor, mount, or restraint) with the Cabinet to prevent tipping and falling. (*Id.* at 70:4–7, 75:10–12, 102:4–8). Finally, upon testing an exemplar of the Cabinet, Ms. White's engineering expert calculated that the force required to cause the Cabinet to tip over and fall is "relatively low" and certainly within the ability of a small child. (Doc. 51-1, 123:5–17; *see also* Doc. 41-3, ¶¶ 11, 14, 18). To that end, Ms. White's expert also concludes that American Signature's failure to instruct or warn customers about the risk of falling deviated from industry safety standards in effect at the time the Cabinet was sold. (Doc. 41-3, ¶¶ 19–20).

The evidence produced by Ms. White on summary judgment presents a "composite of circumstances" which would allow a rational jury to find by clear and convincing evidence that American Signature was aware of the dangers associated with the Cabinet but failed to act. A rational jury could likewise conclude that American

Signature's failure to assess the Cabinet's stability, failure to provide instructions or warnings regarding the Cabinet's risk of falling, and failure to include a safety device with the Cabinet evince a conscious disregard or indifference to the safety of others, amounting to gross negligence under Florida law.  Accordingly, American Signature's Motion for Partial Summary Judgment will be denied and the issue of punitive damages will proceed to the jury.

### B. Ms. White's Motion for Summary Judgment on American Signature's Affirmative Defenses

As a final matter, Ms. White moves for summary judgment on what she identifies as six of American Signature's affirmative defenses.  However, a review of the record in this case reveals that American Signature has not yet answered Ms. White's Second Amended Complaint or pleaded any affirmative defenses thereto.[1]  While this failure to plead is likely an oversight on American Signature's part considering its otherwise vigorous defense against Ms. White's claims, the Court is unable to adjudicate affirmative defenses which are not alleged.  Accordingly, Ms. White's Motion for Summary Judgment must be denied as moot.

### IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim for Award of Punitive Damages (Doc. 40) is **DENIED**.

---

[1] The affirmative defenses Ms. White cites come from American Signature's February 17, 2015 Answer to Plaintiff's First Amended Complaint (Doc. 24, ¶¶ 5–10), which was superseded when Ms. White filed her Second Amended Complaint (Doc. 32).

2. Plaintiff's Motion for Summary Judgment on Affirmative Defenses (Doc. 41) is **DENIED AS MOOT**.

3. Defendant shall answer Plaintiff's Second Amended Complaint (Doc. 32) **on or before January 11, 2016**.

**DONE AND ORDERED** in Orlando, Florida on January 5, 2016.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record